UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-126-FDW

| | |
|---|---|
| TAUREAN J. GOODMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| NC STATE PAROLE COMMISSION, ) | |
| GEORGE T. SOLOMON, ) | |
| Director of Department of Public Safety, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

## I. BACKGROUND

Pro se Plaintiff is a North Carolina inmate currently incarcerated at Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina. Plaintiff has named as Defendants the North Carolina State Parole Commission and North Carolina Department of Public Safety Director Gorge Solomon. As his sole claim in this action brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges that his proper release date from incarceration should be July 19, 2014, but that his case manager has informed him that his release date is August 18, 2014. (Doc. No. 1 at 4; 9). Plaintiff alleges that the North Carolina parole board has erroneously calculated his release date. Plaintiff seeks injunctive relief and a preliminary injunction, presumably in the form of an order by this Court that Plaintiff be released from custody by July 19, 2014. See (Doc. No. 1 at 6).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

As noted, Plaintiff alleges in this Section 1983 action that his proper release date from incarceration should be July 19, 2014, but that the North Carolina parole board has erroneously calculated his release date as August 18, 2014. North Carolina Department of Public Safety records show that Plaintiff was released from custody on July 3, 2014. Thus, this action is dismissed as moot.

### IV. CONCLUSION

In sum, for the reasons stated herein, the Court dismisses this action as moot.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED** as moot.

2. The Clerk is directed to close this case.

Signed: July 18, 2014

Frank D. Whitney
Chief United States District Judge